# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS COMMERCIAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 24 CV 13006 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| STEVEN HANSEN, | ) ) | |
| Defendant. | ) ) | |

## ORDER

For the reasons explained in the following statement, the plaintiff's motion for judgment on the pleadings [26] is granted. The plaintiff's motion to dismiss the counterclaims [24] is denied as moot. Final Judgment will be entered in favor of the plaintiff. Civil case terminated.

## STATEMENT

The plaintiff, Travelers Commercial Insurance Company ("Travelers"), brought this declaratory judgment action regarding its duties to defend and indemnify the defendant, Steven Hansen, in a suit brought by his condominium association. Hansen brought counterclaims for a declaratory judgment on the duty to defend, breach of contract, breach of the duty of good faith, and violations of 215 Ill. Comp. Stat. § 5/155. After moving to dismiss the counterclaims, Travelers moved for judgment on the pleadings. For the reasons that follow, the motion for judgment on the pleadings is granted.

### I.    Background

Hansen owned a unit in a condominium building governed by the Gold Coast Condominium Association ("Gold Coast"). On March 5, 2024, Gold Coast brought suit against Hansen in the Circuit Court of Cook County, alleging that Hansen conducted unauthorized construction in his unit constituting breach of contract and nuisance, and seeking a declaratory judgment along with "any costs incurred to remediate the Unit." Gold Coast Am. Compl. 7 ¶ 42, ECF No. 6-1 The amended complaint alleges that Gold Coast began to receive complaints about construction in Hansen's unit in 2021. *Id.* at 4 ¶ 14. The noise from the unit was "extremely loud and disturbing" and took place both during the day and at night. *Id.* at 4 ¶ 17.

Gold Coast's rules require homeowners to seek the association's approval before any construction and mandate that all construction take place during the day. *Id.* at 70 (Ex. C). On June 29, 2023, Gold Coast sent Hansen notice of his alleged violation of the rules. *Id.* at 4 ¶ 18. After continuing to field complaints, Gold Coast then sent Hansen a second notice on August 4, 2023,

and levied a $50 fine against him. *Id.* at 4 ¶ 19. Another notice issued on August 9, 2023 with a $200 fine; Gold Coast then sent a fourth notice on November 27, 2023. *Id.* at 4–5 ¶¶ 20–21.

According to Gold Coast, Hansen continued his construction, and the association again received multiple complaints. *Id.* at 5 ¶ 22. On February 14, 2024, the property manager went to Hansen's unit to investigate, and saw smoke and haze in the hallway as well as noise emanating from the unit. *Id.* at 5 ¶¶ 22–23. As a result, Gold Coast sent Hansen another notice of violation on February 16, 2024, informing Hansen that "[t]he Association also received complaints that you were using chemicals in your Unit, with the noxious odor from the paint infiltrating the common element hallway between January 9 and 25, 2024" and that "a resident reported that when she opened the front door to her unit, she was met with a haze of smoke." *Id.* at 85 (Ex. I).

The day after the February 16 notice, Gold Coast claims that Hansen began to use a "chemical agent" in his unit, causing his neighbors to suffer health problems. *Id.* at 5–6 ¶¶ 27–28. One neighbor apparently suffered an asthma attack and had to leave her unit. *Id.* at 6 ¶¶ 29–30. Gold Coast then filed its lawsuit, alleging that Hansen "has repeatedly refused to cease and desist the unauthorized construction and use of chemical agents," and that Gold Coast "had no choice but to initiate the instant lawsuit to ensure compliance with the terms of its governing documents and to protect the health and safety of its membership." *Id.* at 6 ¶¶ 31–32.

Hansen held a homeowner's insurance policy with Travelers that included personal liability coverage for damage suits brought "because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies." Am. Compl. 6 ¶ 31, ECF No. 6; *id.* at 7 ¶ 32, 35. On October 1, 2024, Hansen notified Travelers of Gold Coast's suit and sought defense and indemnification for the suit. *Id.* at 9 ¶ 40; *id.* at 10 ¶ 42. Travelers subsequently brought this suit to clarify the parties' rights and duties under the policy. *Id.* at 9–10 ¶ 41. Hansen settled the underlying suit with Gold Coast. Mot. J. Pleadings Resp. 29, ECF No. 37.

## II.    Discussion

"Judgment on the pleadings is appropriate if there are no material issues of fact to be resolved and the moving party is entitled to judgment as a matter of law." *Muthana v. Mullin*, 171 F.4th 967, 973 (7th Cir. 2026). A motion for judgment on the pleadings is evaluated by the same standards as a motion to dismiss, *id.*, so the Court draws all reasonable inferences in the nonmovant's favor. *Kilborn v. Amiridis*, 131 F.4th 550, 554 (7th Cir. 2025). To succeed, the plaintiff must show "beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020).

In addition to its motion for judgment on the pleadings, Travelers also moved to dismiss Hansen's counterclaims. Because, as explained below, Travelers is entitled to judgment on all its claims and Hansen's counterclaims, the motion to dismiss is denied as moot.

### a.  Jurisdiction

Travelers seeks a declaration that it had no duty to defend or indemnify Hansen in the lawsuit brought by Gold Coast. At the outset, this Court notes that the underlying lawsuit being

2

settled does not moot Travelers' claim. There is still a justiciable controversy, because if Travelers had a duty to defend Hansen, it must reimburse him for the costs he spent in the lawsuit. *Old Republic Ins. Co v. Chuhak & Tecson, P.C.*, 84 F.3d 998, 1001 (7th Cir. 1996).

Hansen originally argued that the Court does not have subject matter jurisdiction over the claim, because his legal bills would "likely [be] well under $75k given the nature of the case." Answer 16. The amount in controversy "is determined by an evaluation of the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002). One of Gold Coast's letters to Hansen—attached to Hansen's own answer—indicates that Gold Coast sought $48,000 in legal fees and $15,000 in fines against Hansen. Answer 312, ECF No. 23. And Hansen alleged that he incurred $35,000 in legal fees defending the lawsuit. *Id.* at 22. That takes the amount in controversy over the jurisdictional threshold of $75,000 (a proposition with which Hansen now agrees, *see* Mot. J. Pleadings Resp. 29–30).

### b. Duty to Defend and Indemnify

Interpretation of insurance policy provisions is a question of law, *Acuity v. M/I Homes of Chicago, LLC*, 234 N.E.3d 97, 103 (Ill. 2023), and therefore proper for this Court to resolve on a motion for judgment on the pleadings. Illinois's "eight corners" rule defines the duty to defend by looking only within the four corners of the underlying complaint and the four corners of the insurance policy. *United Fire & Cas. Co. v. Prate Roofing & Installations, LLC*, 7 F.4th 573, 579–80 (7th Cir. 2021). If the allegations in the complaint even potentially fall within coverage, the insurer has a duty to defend. *Id.* at 580. An insurer's duty to defend is triggered if any one of the claims in the underlying lawsuit is within the scope of coverage. *W. Am. Co. v. Hinze*, 843 F.2d 263, 265 (7th Cir. 1988).

Hansen's policy with Travelers covers "bodily injury" or "property damage" caused by an "occurrence," which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Homeowners Policy 18, ECF No. 6-2. Under Illinois law, "[t]he focus of the inquiry in determining whether an occurrence is an accident is whether the *injury* is expected or intended by the insured, not whether the *acts* were performed intentionally." *Lyons v. State Farm Fire & Casualty Co.*, 811 N.E.2d 718, 723 (Ill. App. Ct. 2004). However, "[t]he natural and ordinary consequences of an act do not constitute an accident." *Monticello Ins. Co. v. Wil-Freds Const., Inc.*, 661 N.E.2d 451, 455 (Ill. App. Ct. 1996). The initial burden is on the insured to show that the policy covers the underlying suit. *Vivify Constr., LLC v. Nautilus Ins. Co.*, 94 N.E.3d 281, 285 (Ill. App. Ct. 2018).

Hansen argues that the "injuries to other residents (illness, noxious exposure) were unquestionably undesigned and undesired from Hansen's standpoint," Mot. J. Pleadings Resp. 11, making those injuries "occurrences" and bringing the underlying suit within the scope of coverage. He cites to *West Am. Ins. Co. v. Kamadulski Excavating & Grading Co.*, No. 05 C 599, 2006 WL 1235751, (N.D. Ill. May 4, 2006), which notes that "even if a party acts intentionally, if the party's conduct causes an unforeseen [sic] result, the result is accidental." *Id.* at *3. The critical difference here, though, is that the injuries were foreseen. Gold Coast warned Hansen that it had received complaints about "chemicals," a "noxious odor . . . infiltrating the common element hallway," and "a haze of smoke." The fact that a noxious odor and smoke caused asthma complications, as

3

alleged in the underlying complaint, was a "natural and ordinary consequence" of Hansen's use of noxious chemicals.

Even if Hansen did not expect that those particular injuries would result from his construction, as he claims, that does not necessarily bring Hansen's conduct within the scope of the eight corners, because Travelers' insurance policy contains an exclusion for injury that is "is expected or intended by an 'insured' even if the resulting 'bodily injury' or 'property damage' [i]s of a different kind, quality or degree than initially expected or intended." Homeowners Policy 33. Travelers argues that this "expected or intended" injury exclusion applies to the alleged injuries.

Travelers bears the burden of demonstrating that an exclusion applies. *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 347 (7th Cir. 2010). As discussed, Gold Coast's complaint clearly alleges that Hansen was on notice that his construction was subjecting his neighbors to a "noxious odor" and "haze of smoke." Hansen, in response, argues that the pleadings do not establish his subjective expectation, which he says is the standard by which the exclusion's applicability is judged. But the Illinois Supreme Court has explained that "[i]njuries which are of such a nature that they should have been reasonably anticipated by the insured are 'expected' injuries." *Bay State Ins. Co. v. Wilson*, 451 N.E.2d 880, 882 (Ill. 1983). Health issues stemming from the use of chemical agents should have been reasonably anticipated by Hansen, even if the exact injuries alleged were of a "different kind, quality or degree than initially expected or intended," bringing the Gold Coast complaint within the policy exclusion. Travelers has thus met its burden of establishing that the "expected or intended injury" exclusion applies, even if the injuries were occurrences.[1]

It follows as well that Travelers has no duty to indemnify Hansen. The duty to indemnify is narrower than the duty to defend, and because Travelers has no duty to defend, it cannot have a duty to indemnify. *United Nat'l Ins. Co. v. Dunbar & Sullivan Dredging Co.*, 953 F.2d 334, 338 (7th Cir. 1992) ("[T]he duty to defend is broader than the duty to indemnify—where there is no duty to defend there cannot arise a duty to indemnify."). Accordingly, Travelers has no duty to indemnify Hansen.

### c. Counterclaims

Hansen brought counterclaims against Travelers for a declaratory judgment on the duty to defend, breach of contract, breach of the duty of good faith, and violations of 215 Ill. Comp. Stat. § 5/155. The Court finds that judgment for Travelers is warranted on each of the defendant's counterclaims. As Travelers correctly denied Hansen coverage under its policy, it could not have breached that contract or any duty of good faith.[2] Because this Court grants declaratory judgment

---

[1] Because Travelers has shown it is entitled to judgment on these grounds, the Court does not reach Travelers' arguments about whether the underlying complaint seeks damages because of "bodily injury" or "property damage."

[2] A breach of the duty of good faith is not a freestanding tort action in Illinois. *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 900 (Ill. 1996) ("[T]he tort of bad faith is not a separate and independent tort action that is recognized in Illinois.").

in Travelers' favor, finding that Travelers has no duty to defend or indemnify, the defendant's reciprocal claims necessarily fail.

Illinois law prohibits insurance companies from causing "vexatious and unreasonable" delays in paying covered losses to their insureds. 215 Ill. Comp. Stat. § 5/155(1). Given that Travelers correctly denied coverage to Hansen, as it had no duty to defend or indemnify, it did not act unreasonably. *Ill. State Bar Ass'n Mut. Ins. Co. v. Cavenagh*, 983 N.E.2d 468, 479 (Ill. App. Ct. 2012); *Am. Fam. Mut. Ins. Co. v. Fisher Dev., Inc.*, 909 N.E.2d 274, 284 (Ill. App. Ct. 2009) ("Where the policy does not apply, there can be no finding that the insurer acted vexatiously and unreasonably."). Travelers is entitled to summary judgment on the defendant's counterclaim under Section 5/155.

\* \* \*

Travelers had no duty to defend or indemnify Hansen in connection with the Gold Coast lawsuit. Moreover, because it correctly denied Hansen coverage, Travelers cannot be held liable under any of Hansen's counterclaims. The Court therefore grants Travelers judgment on its declaratory judgment action and the defendant's counterclaims. For that reason, Travelers' motion to dismiss is denied as moot.

Date: July 27, 2026

John J. Tharp, Jr.
United States District Judge